IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID P. LAKIN,<br><br>  Plaintiff,<br><br>v.<br><br>DANIEL H. HEYNS, Director of the Michigan Department of Corrections, JOSEPH BARRETT, Former Deputy Warden, G. Robert Cotton Correctional Facility (JCF), Matthew Young, Hearings Administrator, in their individual and official capacities.<br><br>  Defendants. | Case:2:14-cv-10421<br>Judge: Rosen, Gerald E.<br>MJ: Randon, Mark A.<br>Filed: 01-29-2014 At 03:17 PM<br>PRIS LAKIN V HEYNS, ET AL (EB)<br><br><br>**CIVIL RIGHTS COMPLAINT**<br>**UNDER 42 U.S.C. SECTION 1983**<br><br>**WITH JURY DEMAND** |

## Introduction

This is a civil rights action brought under 42 U.S.C. Sec. 1983 by the Plaintiff, David P. Lakin, in pro se, seeking injunctive relief, compensatory and punitive damages against each of the named defendants.

## Jurisdiction

1. The Court has jurisdiction over the Plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. Sections 1331(1) and 1343.

## Parties

2. Plaintiff David P. Lakin (hereafter Plaintiff) is a prisoner confined with the Michigan Department of Corrections (MDOC) and at all times relevant to the action brought herein was confined at the G. Robert Cotton Correctional Facility, located at 3510 North Elm Street, Jackson, Michigan.

1

3. Defendant DANIEL H. HEYNS, is the Director of the MDOC. The Director is the chief administrative officer of the Department and thus is responsible for the overall operation of the Department, and is authorized by State law to create rules and regulations for the MDOC. The Director may appoint special assistants to oversee specialized areas within the Department.

4. Defendant JOSEPH BARRETT, former Deputy Warden at JCF was the Warden's designatee who, among other things, was overseer of administrative appeals from Class II misconduct proceedings.

5. Defendant MATTHEW YOUNG is the Administrator of the Office of Legal Affairs. The Administrator is responsible for the coordination of Department communications with the Department of Attorney General regarding legal issues that affect the Department. The Administrator also serves as the Department's Hearings Administrator for formal administrative hearings conducted pursuant to the Hearing Division statute (MCL 791.251 et seq). The Administrator reports to the Director on substantive legal and policy issues. Within the Office of Legal Affairs is the Policy and Rules Development Section, which is responsible for the development of the Department's administrative rules, Director's Office Memoranda, and policy directives. It is also responsible for maintaining the documentation system for the Department's administrative rules, Director's Office Memoranda, policy directives, and operating procedures issued by the Director.

## Facts

6. On November 1, 2010, the Michigan Department of Corrections (MDOC) issued a revised prisoner disciplinary policy, PD 03.03.105 which took immediate effect, and changed the structure of the hearing process and category

of offenses.

7. This revised policy directive PD 03.03.105, eff. November 1, 2010, is invalid because it is used by the Department of Corrections in lieu of a properly promulgated administrative rule, and both affect the rights of the public and does more than merely explain the law, impacting liberty interests and fair due process.

8. This revised disciplinary policy directly conflicts with the previous disciplinary policy PD 03.03.105 (Eff. date 8/16/10), PD 01.04.110, PD 05.01.100, as well as Mich. Comp. Law 791.252 thru 791.255, properly promulgated administrative rules (AR) (promulgated administrative rules adopted pursuant to statutory authority have the force and effect of law) AR 791.3301, AR 791.3305, AR 791.3315, AR 791.5501 and AR 791.5513, and is invalid to the extent that it modifies, extends, or conflicts with the statute and properly promulgated administrative rules.

9. This revised disciplinary policy deprived Plaintiff of his right to due process of law under the Fourteenth Amendment to the United States Constitution, Michigan Compiled Laws and properly promulgated MDOC Administrative Rules.

### Denial of Due Process & Facts

10. On February 4, 2011, Plaintiff was standing at the front window of Housing Unit A awaiting the call for the afternoon meal. Plaintiff was signaled by Prisoner Sergio Prince, #225620, who was housed in Housing Unit B, to come out.

11. When Plaintiff came out Prisoner Prince gave Plaintiff an assortment of policy directives marked with the institutional logo and was told they had been found on a table in Housing Unit B. Mr. Prince asked Plaintiff to return them to the law library because he knew that

Plaintiff worked as a clerk at the institutional law library.

12. Later that same afternoon, Plaintiff gave the assorted policy directives to Prisoner Dale Stanfill, #197382, to return for him because Plaintiff was not working that day.

13. According to Mr. Stanfill, when he entered the law library, the librarian Hatatu Elum stopped him and asked what he was doing with the policy directives. Mr. Standfill stated he was returning them because they were found in Housing Unit B and given to Plaintiff, who in turn gave them to him.

14. That same day, February 4, 2011, Librarian Elum wrote Plaintiff a misconduct report charging him with "Theft", a Class II misconduct under the revised PD 03.03.105. The misconduct report states as follows:

> "On the above date and time Prisoner Lakin #116549 sent 5 different Operating Procedures that are stamped red to the library through prisoner Stanfill (See photographs attached). The Operating procedures were not supposed to leave the library and Prisoner Lakin had it in his possession without staff authorization. Prisoner was identified by daily contact as a clerk and OTIS."

15. Under AR 791.5513(1)(c)(v), "theft" is a major miscondct punishable by up to 1 year earned disciplinary credits and, because it is a "major misconduct" Plaintiff was entitled to all the rights and privileges set forth by statute (MCL 791.252) and administrative Rule (AR 791.3315) at a formal hearing; under the revised policy directive, however, Plaintiff was denied this right to a formal hearing impacting a liberty interest under the Due Process Clause of the United States Constitution.

16. Later that afternoon (February 4, 2011), Corrections Officer (C/O) R. Piper came to Plaintiff's cell and informed him he had been "laid in"

pending misconduct charges.

17. At approximately 6:32 a.m., February 5, 2011, Plaintiff was called to the Control Center and read the misconduct report of paragraph 14, <u>supra</u>.

18. Eight business days later, Plaintiff was called to Residant Unit Manager (RUM) Cooper's office for a hearing on the misconduct report. A brief discussion ensued but was interrupted by RUM Cooper who decided to adjourn the hearing until she talked with librarian Elum, over Plaintiff's objection.

19. Plaintiff objected because the statute (Mich. Comp. Law 791.252) prohibits the hearing officer from direct contact with the author of the misconduct other than through the hearings investigator.

20. Plaintiff also attempted to introduce several witness affidavits to be made part of the record, but RUM Cooper refused, stating simpley that she would call Plaintiff out the following day and resume the hearing after speaking with librarian Elum.

21. The following day, February 16, 2011, the hearing was not resumed as RUM Cooper previously stated it would be.

22. On February 17, 2011, Plaintiff was called to the Hearings Investigator's office and given a copy of the hearing report -- the hearing was never resumed and Plaintiff was not present for the remainder of the hearing.

23. The Hearing Report indicated that Plaintiff had been found guilty and was sentenced to 3 days loss of privileges.

24. On March 15, 2012, Plaintiff received notice that he had forfeited 4 days disciplinary credits as a consequence of his misconduct violation; thus, impacting liberty interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

25. Michigan having created the right to disciplinary credits and itself

recognizing that its deprivation authorized for major misconduct, the Plaintiff's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to ensure that the state-created right is not arbitrarily abrogated.

26. As further consequence of this misconduct violation, Plaintiff was terminated from his law library clerk's position; entered into the MDOC computer data base (CMIS and OMNI), which are utilized by the parole board in making parole decisions, barred from applying for certain institutional job positions (e.g., Braille, Michigan State Industry, etc.) for six months, and a blemish on an otherwise perfect institutional record at JCF, implicating liberty interests.

27. On February 18, 2011 and thereafter, Plaintiff sent his administrative appeal to Defendant Barrett who never answered his appeal, despite Plaintiff's many attempts for him to do so, implicating liberty interest and fair due process.

### Claims for Relief

28. The actions or inactions of defendants Heyns and Young in generating the revised Prisoner Discipline policy, PD 03.03.105, Effective date November 1, 2010, outlining the hearing process, or in failing to intervene and rescind the revised Prisoner Discipline Policy, PD 03.03.105, Effective date November 1, 2011, constitute a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

29. The actions or inactions of Defendant Barrett deprived Plaintiff of his administrative appeal, impacting a liberty interest in adjudicating

        his misconduct charge under the principles of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

30. Plaintiff has been harmed by forfeiture of disciplinary credits extending his time in prison without due process of law, and will be harmed in the future if Defendants unconstitutional acts are not stopped.

## Prayer for Relief

A. Issue a declaratory judgment stating that:

1. The revised policy directive, PD 03.03.105, Eff. date Nov. 1, 2010, is invalid to the extent that it modifies, extends, and conflicts with State statutory authority and properly promulgated administrative rules.

2. The revised policy directive PD 03.03.105, eff. November 1, 2010, is invalid because it is used by the Department of Corrections in lieu of a properly promulgated administrative rule which both affects the rights of the public and does more than merely explain the law.

3. Defendants Heyns and Young's failure to take action to rescind the revised PD 03.03.105 when it became clear that it modified, extended, and conflicted with properly promulgated administrative rules, and was being used by the Department in lieu of a properly promulgated administrative rule.

4. Defendant Barret's actions or inactions deprived Plaintiff of his right to an administrative appeal, impacting a liberty interest in adjudicating the misconduct charge under the principles of due process of law, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

B. Declare the rights and privileges of each party.

C.  Award punitive, damages and compensatory damages for violating Plaintiff's constitutional rights for each Defendant.

D.  Restore Plaintiff's institutional law library clerk's position.

E.  Award Attorney Fees & Costs.

F.  Grant injunctive relief.

G.  Grant such other and further relief as it may appear that Plaintiff is entitled.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,

DAVID P. LAKIN, In Pro Se
MDOC No. 116549
G. Robert Cotton Correctional Facility
3510 North Elm Street
Jackson, Michigan 49201-8877

Dated: 1-27-2014.

David P. L...
Robert Cott
3510 North...
Jackson, Michigan 49201...

CLERK OF THE COURT
U.S. District Court
231 West Lafayette Blvd., 5 Fl
Detroit, Michigan 48226

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| Case No. 14-10421 | Judge: Gerald E. Rosen | Magistrate Judge: Mark A. Randon |

**Name of 1st Listed Plaintiff/Petitioner:**
DAVID LAKIN

**Name of 1st Listed Defendant/Respondent:**
DANIEL HEYNS, ET AL

**Inmate Number:** 116549

**Additional Information:**

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201
JACKSON COUNTY

**BASIS OF JURISDICTION**
☐ 2 U.S. Government Defendant
☒ 3 Federal Question

**NATURE OF SUIT**
☐ 530 Habeas Corpus
☐ 540 Mandamus
☒ 550 Civil Rights
☐ 555 Prison Conditions

**ORIGIN**
☒ 1 Original Proceeding
☐ 5 Transferred from Another District Court
☐ Other:

**FEE STATUS**
☒ IFP *In Forma Pauperis*
☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   ☐ Yes    ☒ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   ☐ Yes    ☒ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____