UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LAKIN,

        Plaintiff,                Case Number: 2:14-CV-10421
                                                  HONORABLE GERALD E. ROSEN

v.

DANIEL HEYNS, ET AL.,

        Defendants.
_____/

**ORDER OF SUMMARY DISMISSAL**

This matter is pending before the Court on the *pro se* civil rights complaint filed by David Lakin. Plaintiff is a state inmate currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. In his complaint, Plaintiff argues that a change to the prison disciplinary policy was not properly promulgated and, accordingly, violates his right to due process, and that four days of disciplinary credits were taken from him by virtue of the unlawfully amended prison disciplinary policy. He further contends that his eligibility for parole is negatively impacted and he is now ineligible for certain prison jobs. He seeks money damages and injunctive relief. The Court will dismiss the complaint, pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff fails to state a claim upon which relief may be granted.

I.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short

and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.

Plaintiff was found guilty in 2011 of a major misconduct violation related to the theft of legal materials from the prison law library. As a result he was sentenced to three days loss of privileges and the forfeiture of four days disciplinary credits. He also argues that his eligibility for parole and for certain prison jobs were negatively impacted. He claims that the misconduct proceeding violated due process because the policy directive under which he was convicted was not properly promulgated.

In *Wilkinson v. Dotson,* 544 U.S. 74 (2005), the Supreme Court reviewed cases that delineated the differences between a habeas action under 28 U.S.C. § 2254 and a civil action under 42 U.S.C. § 1983. The Court observed: "This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439

3

(1973) . . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Dotson*, 544 U.S. at 78.

In terms of an action for the restoration of good-time or disciplinary credits, *Dotson* explained the *Preiser* decision as follows:

> Defining the scope of that exception [to the broad scope of § 1983 actions], the Court concluded that a § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement,' *id.*, at 489, 93 S.Ct. 1827, and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement, *id.*, at 482, 93 S.Ct. 1827. Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of ... physical confinement,' *id.*, at 487–488, 93 S.Ct. 1827, and thus lies at 'the core of habeas corpus,' *id.*, at 487, 93 S.Ct. 1827. Therefore, the Court held, the Preiser prisoners could not pursue their claims under § 1983.

*Id.* at 79.

In this case, Plaintiff seeks the restoration of disciplinary credits, which would affect the duration of his confinement. Under *Preiser* and *Wilkinson*, this claim is not cognizable in a § 1983 action.

In addition, the question of whether or not the Michigan Department of Corrections promulgated rules in violation of Michigan law is not in itself cognizable in federal court. In order to state a civil rights claim cognizable under 42 U.S.C. § 1983, a plaintiff must allege the deprivation of a right secured by the Constitution or laws of the United States. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). Plaintiff claims an indirect federal due process violation because the allegedly invalid prison disciplinary policy impacted the possibility of parole, resulted in the forfeiture of disciplinary credits,

and eligibility for a prison job. However, there is no right under the United States Constitution of a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Simply stated, there is no federal constitutional right to parole. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990); *see also Michael v. Ghee*, 498 F.3d 372, 377-378 (6th Cir. 2007) (quoting *Swihart v. Wilkinson*, 209 F. App'x 456, 458-59 (6th Cir. 2006)). While there is no federal constitutional right to parole, the Supreme Court has held that a convicted person may have a liberty interest created by a State's laws, which is subject to constitutional protection. *Thompson*, 490 U.S. at 460 (citing *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).

A state does not have a constitutional duty to establish a parole system, and the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *See Greenholtz,* 442 U.S. at 7, 11; *see also Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a protected liberty interest exists only if state law entitles a prisoner to release on parole. The United States Court of Appeals for the Sixth Circuit has specifically held that Michigan law does not create a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc); *see also Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004) (following *Sweeton*). The Michigan Supreme Court has also recognized that there is no liberty

interest in parole in Michigan.  *See Glover v. Mich. Parole Bd.*, 460 Mich. 511, 596 N.W.2d 598, 603-04 (Mich. 1999).  Consequently, any denial of parole implicates no federal right.  *See Crump v. Lafler*, 657 F.3d 393, 404-05 (Michigan state prisoners have no protected liberty interest in release on parole).

Plaintiff's claim that the misconduct violation limits his eligibility for certain prison jobs also fails to state a cognizable claim.  A prisoner has no constitutionally protected right to a prison job or a particular prison wage.  *See Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *see also Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) (holding that prisoners "have no constitutionally protected liberty or property interests *per se* in their prison job assignments); *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that prisoner had no constitutionally protected property interest in work release program); *Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987) ("[I]nmates have no constitutional right to be assigned to a particular job.").  Thus, because Plaintiff does not have a constitutional right to be assigned a particular job, he has failed to state a claim upon which relief may be granted with respect to this claim.

### III.

For the reasons stated, the Court concludes that the complaint fails to state a claim upon which relief may be granted.

Accordingly, IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Plaintiff's Motion for the Court to Order the United States

Marshal to Serve Defendants (dkt. #5) is DENIED AS MOOT.

      IT IS FURTHER ORDERED, that if Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).


                            s/Gerald E. Rosen
                            Chief Judge, United States District Court

Dated: June 10, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 10, 2014, by electronic and/or ordinary mail.

                            s/Julie Owens
                            Case Manager, (313) 234-5135